(No. 11545.—Decree affirmed.)

ALEXANDER ROLLO, Plaintiff in Error, *vs.* AMELIA POOL *et al.* Defendants in Error.

*Opinion filed October 23, 1917—Rehearing denied Dec. 6, 1917.*

1. HIGHWAYS—*when an attempted vacation of an alley is void.* Under the statute requiring a three-fourths majority of all the aldermen before a street or alley shall be vacated, an attempted vacation voted for by four of the six aldermen of the city is void.

2. SAME—*effect where deeds purport to include land used as an alley.* If an alley exists by prescription or common law dedication, deeds which purport to include the land embraced in the alley convey only the fee subject to the public right, whereas if there was a statutory dedication and the alley has not been lawfully vacated, the deeds, as to the alley, convey nothing.

WRIT OF ERROR to the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

MCARTHUR & MCARTHUR, and BUTTERS & CLARK, for plaintiff in error.

H. M. KELLY, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

.The plaintiff in error, Alexander Rollo, filed his bill in the circuit court of LaSalle county against Amelia Pool and Henry Pool, her husband, alleging his ownership of the south 160 feet of lot 53 and other pieces of ground adjacent thereto, in Clark & Underhill's addition to Marseilles, charging the defendants with trespassing upon his property and praying for an injunction against further trespasses. The defendants answered, denying that the plaintiff was the owner of the property claimed and specifically denying that he had any right or interest in the 16 feet in width lying north of the west 80 feet of lot "B," as owner or otherwise, except that he had traveled over the same as an alley-

way. The cause was referred to the master in chancery to take the proofs, and depositions of witnesses having been taken before the master they were heard by the chancellor and the bill was dismissed for want of equity. The complainant sued out a writ of error from the Appellate Court for the Second District, and that court finding that a freehold was involved, transferred the case to this court.

Lot "B" of Clark & Underhill's addition is owned by the defendant Amelia Pool and is at the corner of Bluff street and Fillebrown street. It has a row of brick stores fronting south on Bluff street and along the north line there is a concrete curb. Lot 53 lies north of lot "B" and fronts on Fillebrown street, and the controversy between the parties is whether there is an alley 16 feet wide adjoining lot "B" on the north. It is impossible to gather from the record a number of facts material to a decision as to the nature or origin of the alley. It is asserted on one side that the alley appears in a plat made of lot 53 and lot "B," lying on each side, and on the other hand it is asserted that there was never any statutory or common law dedication or acceptance of the alley. Witnesses testified that the alley appeared upon plats, but there is no plat of the addition in the record. There is a small portion of what is certified by the recorder to be a copy of a part of a map or plat of the addition as seen on a map of the city of Marseilles. recorded in his office, but there are no certificates annexed and nothing about it from which it could be discovered whether there was a statutory dedication or not. The complainant produced in evidence a plat of a survey to locate the south line of a highway in Weaver's addition to Marseilles, and on that plat lot "B" and lot 53 appear without any alley between them, but that survey being for the purpose of locating a highway proves nothing material to the dispute in this case. It was alleged in the bill that the complainant had on July 7, 1911, instituted proceedings in trespass before a justice of the peace and obtained a judgment by

default against the defendants for one dollar and costs, from which judgment the defendants appealed to the circuit court of LaSalle county and that they dismissed their appeal. The facts so alleged were proved, but it was also proved that the alleged trespass was not upon the alley but was for picking cherries from a tree north of the alley. It was conclusively proved that the alley had been generally used by the public for more than twenty-five years, and the evidence justified an inference that there had been an acceptance of the alley by the city of Marseilles. Whether the dedication was at common law or by virtue of the statute, this fact appears from an attempted vacation of the alley by the city council which by the statute was null and void. The record of the attempted vacation on February 1, 1897, was offered in evidence, with a stipulation that there were six aldermen at the time. The street and alley committee reported in favor of vacating the alley between lots 53 and "B" of Clark & Underhill's addition to Marseilles, and the record showed four aldermen voting for the vacation. The statute provides that no city council shall have power to vacate or close any street or alley, or any portion of the same, except upon a three-fourths majority of all the aldermen of the city authorized by law to be elected, and such vote must be taken by ayes and noes and entered on the record, and there was therefore no vacation of the alley. (*People* v. *Atchison, Topeka and Santa Fe Railway Co.* 217 Ill. 594.) The complainant had conveyances alleged to cover the alley, but being a public alley the deeds did not convey the public right. If the alley existed by prescription or common law dedication the deeds conveyed only the fee subject to the public right, and if there was a statutory dedication so that the fee was in the city and the alley still existed they conveyed nothing. There had been east of lot 53 a passageway about 16 feet wide, called Rollo street, but it had ceased to exist, and teams could not drive through the alley but were compelled

280 – 39

to back out or turn around on the property of the complainant, and teams had driven around in that way, and there had also been unauthorized trespasses on the property of the complainant outside of the alley, but the only question disputed between the parties was the existence of the alley. It was also shown that there had been unauthorized use of the alley by the defendants and tenants in the buildings on lot "B" in throwing garbage and piling ashes and wood in it. The conduct of the defendants had been quite irritating, but other remedies are ample for the purpose of punishing or preventing such acts. The issue in the suit related only to the existence of the alley, and upon that issue we think the decree of the chancellor was correct.

The decree is affirmed.                    *Decree affirmed.*